UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case. No. 23-cr-160 (NEB/JFD) |
| Plaintiff, | |
| v. | **ORDER CONCERNING MOTIONS FOR CONTINUANCE AND PROTECTIVE ORDER** |
| Montez Brown et al., | |
| Defendants. | |

This matter is before the Court on two motions brought by the United States, one for a continuance of discovery deadlines (Dkt. No. 310) and one for a protective order (Dkt. No. 307).

The United States originally sought a 120-day continuance of the discovery deadlines in this case. (Mot. Designate Case Complex ¶ 6, Dkt. No. 128.) A number of defendants objected to the length of the proposed delay in providing discovery. (Dkt. Nos. 243 (Gregory Hamilton), 251 (Isaiah Bell), 253 (Dantrell Johnson), 257 (Dashaun Morris), 258 (Josiah Taylor), 259 (Malcolm Samuels), 261 (Jarrett Robinson), 262 (Randy Tate), and 265 (Ernest Boyd).) The Court granted the motion in part, allowing the United States an additional 60 days in which to provide discovery, to July 14, but also requiring that discovery be made on a rolling basis, that is, provided to the defendants as it became available, rather than waiting until the deadline and then providing all discovery at once. (Dkt. No. 288.)

The United States now seeks to revisit the scheduling issue and asks for a 30-day extension, to August 14, of the discovery deadline as well as a suspension of the Court's requirement that discovery be provided to the defense on a rolling basis. (Dkt. No. 310.) The defendants object, asserting, among other things, that the renewed motion was not preceded by a meet-and-confer, as required by the Local Rules of this Court. (Dkt. Nos. 335, 338, 343.) The defendants also object to the motion for a protective order, asserting it is overly broad. (Dkt. Nos. 334, 338, 343.)

In response to the renewed motion of the United States, the Court entered a short order that was meant only to preserve the status quo until the motions could be decided. (Dkt. No. 325.) As part of that order, the Court suspended the obligation of the United States to provide discovery on a rolling basis, and required defense counsel not to share discovery with their clients, though this requirement was a moot point, since no discovery had been provided at the time the order was entered.

The requirement to meet and confer before filing a pretrial motion in a criminal case pursuant to D. Minn. LR 12.1(b) is a serious obligation that should be undertaken to "attempt in good faith to clarify and narrow the issues in dispute." While the Court cannot with certitude connect the absence of a meet-and-confer to the large number of issues that are attendant to the motion of the United States for a continuance (the length of a continuance, whether production should be rolling or all-at-once, the timing for the United States to make disclosures, the production of records from state court prosecutions that are now alleged as overt acts of the conspiracy counts in the indictment, and so on), what the Court can say is that a meet-and-confer probably would have decreased the number of

points of contention. Most pertinently, as the defendants point out, the United States' request for a continuance of the discovery deadline is in part premised on what the United States believes will be a more useful discovery production to the defendants. The Court agrees that it would have been preferable for the Court to hear from the defense about what is and is not useful to the defense and the importance of an expedient production.

**Accordingly, IT IS HEREBY ORDERED AS TO THE MOTION FOR CONTINUANCE THAT:**

1. The parties will meet and confer concerning a discovery schedule in this case and will file on CM/ECF a joint proposed discovery schedule on or before Friday, July 7, 2023. The parties will simultaneously email a copy of their proposed schedule to the Court in Microsoft Word format. If there any areas of unresolvable disagreement they will be presented as a prosecution proposal and a defense proposal highlighted in different colors. Each side may file on CM/ECF a memorandum explaining why it prefers its own proposal. The Court notes that the 25 defendants in this case were able to coordinate and file a joint response to the United States' motion for a continuance. The Court commends defense counsel for this coordination. A similar approach here may make the meet-and-confer process more manageable and narrow the number of competing scheduling proposals and supporting memoranda. If there are multiple defense proposals, the Court is prepared to review them.

2. The Court is very aware that 25 defendants are in pretrial detention in this case and that they are entitled to discovery on a reasonable schedule. In light of this,

the Court will be skeptical of any proposal that extends the due date for discovery beyond August 14, 2023 or that has no provision for rolling production. The Court has read and accepts the prosecution's explanation of the process of discovery and why it is inefficient to operate DOJ's Litigation Support Center in South Carolina on a rolling-production basis. But there are more important interests involved here than the efficient operation of a litigation support center.

**IT IS FURTHER ORDERED AS TO THE MOTION FOR A PROTECTIVE ORDER THAT:**

3. No proposed protective order was provided to the Court by the United States. The parties will meet and confer, and, on or before July 7, 2023, will provide the Court, via email, with a proposed protective order, in Word format. Areas of unresolvable disagreement will be presented as a prosecution proposal and a defense proposal highlighted in different colors. Each side may file under seal on CM/ECF a memorandum to the Court in support of its proposal. As with the proposed scheduling order, the Court understands that some defense counsel may not choose to join a joint defense proposal. Also as with the proposed scheduling order, the parties have full freedom of negotiation, but the Court will inform the parties that the Court found the examples of leaked materials given in the motion for a protective order extremely concerning. Since the motion is under seal, the court will not quote from the motion. The Court also found it extremely concerning that a defendant could be hampered in the preparation of a defense by unnecessary restrictions on the sharing of discovery. The Court is

extremely unlikely to sign a protective order that forbids any defendant from keeping any discovery. The Court will be guided by the principle that the scope of the protective order should be no greater than necessary to prevent defendants from disseminating identifying information of non-law enforcement individuals who are potential witnesses for the prosecution in this case. The Court is also not likely to agree to a protective order that has no mechanism for review of a designation of a document that forbids it to be left with a defendant.

Dated: June 20, 2023

    *s/ John F. Docherty*
    JOHN F. DOCHERTY
    United States Magistrate Judge