UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-160 (NEB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **THIRD AMENDED** |
| v. | ) **PRETRIAL SCHEDULING** |
| | ) **AND LITIGATION** |
| MONTEZ BROWN et al. | ) **MANAGEMENT ORDER IN** |
| | ) **A CRIMINAL CASE** |
| Defendants. | |

This matter comes before the Court on the Motion of the United States for Miscellaneous Relief, specifically to designate this case as complex under the Speedy Trial Act and to extend all pretrial discovery deadlines accordingly. Dkt. No. 532. The United States initially asked the Court to extend all due dates in the current scheduling order by at least 90 days. *Id.* As ordered by the Court (Dkt. No. 578), the parties met and conferred, then filed their Joint Motion for a Third Pretrial Scheduling Order. (Dkt. No. 638) The Court commends the parties for their work, and notes that the parties have come to an agreement regarding almost all deadlines on their own, leaving for the Court only the issue of when exculpatory evidence that takes the form of impeachment evidence of cooperating witnesses must be disclosed. That issue is resolved below in this Order. The parties themselves negotiated all other matters, most notably, agreeing that the prosecution will provide an initial round of exhibits four weeks before trial, will provide most non-

cooperator *Jencks* materials pursuant to the Protective Order at Dkt. No. 366, and will provide all *Jencks* materials, including cooperator *Jencks* materials, two weeks before trial. The Court now enters this Third Amended Pretrial Scheduling and Litigation Management Order.

## I.   COMPLEX-CASE DESIGNATION

The Court previously granted a motion to designate the original Indictment as complex because "it would be extremely difficult—indeed, probably impossible—for defense counsel, with the exercise of due diligence, to be prepared to file pretrial motions on the schedule typically followed." First Pretrial Scheduling and Litigation Management Order, Dkt. No. 288 at 4. The United States now asserts that "[d]iscovery regarding the Superseding Indictment will be more voluminous and complex than the original Indictment.  Although some defendants pleaded guilty, the evidence related to each defendant might be relevant to an eventual trial on the Superseding Indictment."

The Superseding Indictment in this case charged 33 defendants with RICO Conspiracy or related charges.  In support of its motion to designate this case as complex, the United States explained that the allegations of the Superseding Indictment focused on "a racketeering enterprise alleged to be a confederation of street gangs" that involved "188 specific overt acts."  The prosecution noted that "[d]iscovery regarding the Superseding Indictment will

be more voluminous and complex than the original Indictment." Discovery materials were estimated to include at least 32,558 documents, over 1.5 terabytes of cell phone extractions, and hundreds of hours of body worn camera footage. In addition, the discovery materials contain thousands of written reports and voluminous videos, photographs, social media records, and other content obtained through search warrants. The United States further noted that that Racketeering Conspiracy "is not commonly prosecuted in this district and involves novel questions of fact and law, as well as significant penalties." (Dkt. No. 532 at ¶ 4).

The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that the case charged in the Superseding Indictment is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. This is because of the large amount of discovery, the number of defendants and alleged criminal incidents, and the nature of the prosecution. Accordingly, this case—as charged in the Superseding Indictment—is designated as complex under the Speedy Trial Act. The Court previously asked defense counsel to advise the Court whether they objected to the designation of this case as complex. While many defendants objected to the length of the extension sought by the United States, only one defendant, Mr. Gregory Brown, objected to the complexity designation itself. Dkt. No. 611. For the reasons set forth above, Mr. Brown's

objection is respectfully overruled.

## EXTENSION OF DEADLINES

The parties have agreed to a 60-day continuance of all deadlines from the date of this Order given the complexity of the case. As noted above, the United States contends that even if complete disclosure could occur on the timeline of a typical scheduling order, the sheer size of the discovery project would result in defendants having an incredibly limited opportunity to conduct a meaningful review for the purpose of filing motions and preparing for trial. For that reason, the United States contended it would be unreasonable to expect the defendants to adequately prepare within the typical time limits established by the Speedy Trial Act.

The Court agrees with the parties and now finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendants in a speedy trial and such continuance is necessary to provide both the prosecution and the defense the reasonable time necessary for effective preparation and to make efficient use of resources.

## RULINGS ON MR. LESURE'S REQUEST FOR POLICE REPORTS (DKT. NO. 588), MOTIONS FOR SEVERANCE (DKT. NOS. 553 AND 579), SPEEDY TRIAL DEMAND BY MR. PRUITT (DKT. NO. 414) AND DISCOVERY MOTION BY MR. HAMILTON (DKT. NO. 197).

Several other matters require the Court's attention. First, Defendant

Robert Lesure seeks immediate disclosure of police reports concerning overt acts that he asserts "were used extensively in the government's application to detain Mr. Lesure." Resp. to Designate Case as Complex, Dkt. No. 588, at 1-2. At the December 28 hearing the United States represented it could produce these materials within approximately one week, and asked Mr. Lesure's attorney, George Dunn, Esq. to email the prosecutor with the numbers of the overt acts for which police reports were requested. Mr. Dunn stated he would do so. The Court does not think it is necessary to take any formal action on this matter, but reminds the parties it is available should difficulties develop.

Second, Defendant Keon Pruitt has demanded a speedy trial, Dkt. No. 414. While it is not clear to the Court what the legal effect is of such an assertion, to the extent Mr. Pruitt is asking the Court for a schedule different from that set forth below and is justifying his request on a claim that his speedy trial rights are being violated, for the reasons set forth in this Order, Mr. Pruitt's demand is respectfully denied.

Third, Defendant Gregory Hamilton has moved to have the Court order the United States to comply with its disclosure obligations under Fed. R. Crim. P. 16. Dkt. No. 197. This Third Amended Pretrial Scheduling and Litigation Management Order constitutes the Order of the Court on the motion at Dkt. No. 197 and the Clerk of Court is directed to terminate that motion.

Fourth and finally, pending before the Court are two motions for severance, one by Defendants Dantrell Johnson, Gregory Hamilton, Keon Pruitt, Jovan Knight, Tyreese Giles, Josiah Taylor, Trevaun Robinson, William Banks, William Johnson, and Earnest Boyd (Dkt. No. 553) and one by Defendant Cortez Blakemore individually (Dkt. No. 579), which asks to join the group severance motion at Dkt. No. 553. These severance motions have three components, the first a trial management component, the second an admission-of-evidence component, and the third a speedy trial component. The severance motions request that the moving defendants, all of whom were indicted in this case's original Indictment, Dkt. No. 12, not be tried with defendants who were indicted in the Superseding Indictment. Mot. For Severance, Dkt. No. 553 at ¶ 13.

As a case management question, severance is not yet ripe for decision and will therefore be held in abeyance until after a final decision on those motions that will be the subject of the motions hearing scheduled for June 24, 25, and 26, 2024. As discussed at the December 28 hearing, the topic of severance for trial is partly a simple matter of architecture – if more defendants go to trial in this case than the largest courtroom available in the District of Minnesota can accommodate, then some defendants will need to be severed. But because some defendants may negotiate a resolution of the charges against them, any division of defendants into trial groups done now

6

may have to be redone later. The Court will therefore wait until after pretrial motions are litigated to finality before considering severance as a trial management question.

The second component of the severance motion seeks severance on the grounds that it is unfairly prejudicial to those defendants indicted in the original Indictment to introduce evidence that applies only to the defendants charged for the first time in the Superseding Indictment. Dkt. No. 553 at ¶ 13. Severance is sought under Fed. R. Crim. P. 14. The Court will consider this component of the severance motions at the pretrial motions hearing, scheduled for June 24, 25, and 26, 2023.

Thirdly, the severance motions allege that the Superseding Indictment, and its knock-on effect on the pretrial schedule that had been in place for the original Indictment, is prejudicial to the speedy trial rights of the moving defendants. For the reasons set forth in this Order concerning speedy trial, that component of the two severance motions is respectfully overruled.

## II. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Motion of the United States to Designate Case as Complex Under the Speedy Trial Act (Dkt. No. 532) is **GRANTED**.

2. This case is designated as "complex" within the meaning of 18

U.S.C. § 3161(h)(7)(B)(ii).

3. The period of time from **November 20, 2023 to June 26, 2024**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano- Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

4. The Protective Order at Dkt. No. 366 remains in effect and applies to the Superseding Indictment. The United States has indicated this will allow it to continue providing most unredacted non-cooperator Jencks materials. Per the parties' agreement, the discovery will include all materials required by Rule 16 and most non-cooperator *Jencks* materials. Additionally, the United States will continue to provide discovery in the same user-friendly manner as before (organized by incident in searchable pdf format accompanied by a spreadsheet index).

5. The Court cannot require the parties to disclose witness statements before a witness testifies at a trial or hearing, 18 U.S.C. § 3500, but to avoid unnecessary delay of a hearing or trial, the Court urges the parties to voluntarily disclose witness statements two weeks before any hearing or trial. As referenced above, the parties agree to disclosure of most statements other than cooperator statements and agree that all *Jencks* materials will be disclosed no later than two weeks prior to trial.

6. The United States must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by February 16, 2024. D. Minn. LR 12.1(a)(1). Although the Court is not ordering the government to make any other disclosures other than those required under Rule 16(a) at this time, it encourages the government to continue providing discovery in the manner it has been doing, such as providing most *Jencks* materials pursuant to the Protective Order and then providing all *Jencks* materials at least two weeks before a trial or hearing.

7. Pursuant to the agreement between the parties, the United States will make an initial round of trial exhibits available 4 weeks prior to trial. The United States will in good faith disclose the bulk or all its trial exhibits at this time. The parties acknowledge that add-on exhibits are common in the process of trial and such additions will not violate this provision.

8. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt

proceedings, disciplinary action, or sanctions by the Court. The Court ruled from the bench in a hearing on December 28, 2023 that the United States will provide exculpatory evidence as it comes into the possession of the prosecution if that exculpatory evidence does not take the form of impeachment material concerning cooperating witnesses and that the United States will provide exculpatory evidence that does take the form of impeachment material of cooperating witnesses not later than one month before trial. The Court now affirms that oral ruling in writing.

9. The Motions for Severance at Dkt. Nos. 553 and 579 are **DENIED IN PART AND HELD IN ABEYANCE IN PART**. The case management aspects of the severance motions will be held in abeyance until after a final decision has been made on pretrial motions. The Fed. R. Crim. P. 14 aspects of those severance motions, alleging that it is unfairly prejudicial to try certain defendants together, will be treated as a pretrial motion and considered on the same schedule as other pretrial motions to be considered at the hearing scheduled for June 24, 25, and 26. To the extent the severance motions allege a violation of the moving defendants' speedy trial rights, the motion is respectfully overruled.

10. Defendant Gregory Hamilton's Motion for Discovery at Dkt. No. 197 is **GRANTED AND DENIED AS SET FORTH IN THIS THIRD AMENDED PRETRIAL SCHEDULING AND LITIGATION**

**MANAGEMENT ORDER**. To the extent this formulation is thought to leave any portion of the discovery motion unaddressed, the Court observes that the Rules of Criminal Procedure require the United States to comply with its Rule 16 obligations with or without a court order.

11. Defendant Keon Pruitt's Speedy Trial Demand at Dkt. No. 414 is **DENIED**.

12. The United States agrees to disclose its expert witnesses 6 weeks prior to trial.

13. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) and 12.1 (Alibi), 12.2 (Insanity/Mental Illness), and 12.3 (Public authority) by **March 18, 2024**. D. Minn. LR 12.1(a)(2).

14. All pretrial motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **April 29, 2024.** D. Minn. LR 12.1(c)(1).

15. Counsel shall electronically file a letter on or before **April 29, 2024**, if no motions will be filed and there is no need for hearing.

16. All responses to pretrial motions shall be filed by **May 24, 2024**. D. Minn. LR 12.1(c)(2).

17. Any Notice of Intent to Call Witnesses shall be filed by **May 24, 2024**. D. Minn. LR. 12.1(c)(3)(A).

18. Any Responsive Notice of Intent to Call Witnesses shall be

filed by **June 10, 2024**. D. Minn. LR 12.1(c)(3)(B).

19. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The government makes timely disclosures, and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or
   b. Oral argument is requested by either party in its motion, objection or response pleadings.

20. If required, the motions hearing shall take place before the undersigned at **9:00 a.m.** on **June 24, 25, and 26, 2024**, in Courtroom 6A, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

### III.  TRIAL

21. IF NO PRETRIAL MOTIONS ARE FILED BY ANY DEFENDANT, the trial and trial-related dates are as follows:

   a. All voir dire questions, jury instructions, and trial related motions (including motions in limine) must be submitted to District Judge Nancy E. Brasel on or before *a date to be determined.*

   b. This case must commence trial on *a date to be determined* before District Judge Nancy E. Brasel in Courtroom 13W, Diana

    c.     E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

Dated: December 29, 2023
                                  *s/ John F. Docherty*
                                  JOHN F. DOCHERTY
                                United States Magistrate Judge